**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ROBERT EDSTROM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **v.** ) | |
| ) | _____ |
| **MEGAN BOWEN and** ) | |
| **JANE DOES # 1-3,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Robert Edstrom, Plaintiff, and files this Complaint for Damages as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is a citizen and resident of Atlanta, Georgia.

2.

Defendant Megan Bowen is a resident of Atlanta, Fulton County, Georgia, and resides at 930 Spring Street, Atlanta, GA 30309.  Defendant Bowen may be served with process at this address.

3.

Defendants Jane Does #1, #2, and #3 are individuals whose names and addresses currently are unknown.

4.

This action alleges claims arising under the United States Constitution and laws of the United States. This Court, therefore, has jurisdiction to hear this case under 28 U.S.C. § 1331. Further, the Defendants are subject to the jurisdiction of this Court and venue is proper in this Court.

## FACTUAL ALLEGATIONS

5.

Plaintiff is a full-time student at the Georgia Institute of Technology ("Georgia Tech") and is a member of Sigma Alpha Epsilon fraternity ("SAE").

6.

Plaintiff had contractual relationships with Georgia Tech and SAE.

7.

Defendant Bowen and Jane Does #1 through 3 are full-time students at Georgia Tech and are members of a national sorority with a chapter on the Georgia Tech campus.

8.

Upon information and belief, Defendant Bowen maliciously filed an ill-founded and factually inaccurate charge about Plaintiff with Georgia Tech that resulted in a Title IX investigation.

9.

During the course of this active Title IX investigation, and specifically, on or around March 26, 2018, Defendant Bowen sent text messages to one of Plaintiff's fraternity brothers stating that Plaintiff had falsified evidence in the Title IX proceeding, that Plaintiff was "slut shaming" Defendant Bowen, and that Plaintiff had tried to implicate another student as the perpetrator of the alleged sexual assaults. All of these statements are and were false.

10.

Based on information and belief, Defendant Bowen and Jane Does #1 through #3 repeated these and numerous other false statements to members of SAE, other students and faculty of Georgia Tech, and other individuals.

11.

Defendants' false statements about Plaintiff were repeated and spread. Plaintiff received notification from fellow students that they were aware of the

accusations against him and also were aware of the false information Defendants had promulgated about Plaintiff to other students.

12.

Defendants further released and published preliminary results of the ongoing Title IX proceeding to members of SAE and other students prior to the rendering of any final decision, in violation of the Georgia Tech student code of conduct and in violation of the Family Educational Rights and Privacy Act of 1974 ("FERPA"). The Title IX proceeding has not yet been completed.

13.

Defendants Jane Does #1 through 3 falsely told members of SAE that they were harboring a rapist.  Defendants threatened SAE that, if SAE did not expel Plaintiff from SAE, Defendants Jane Does 1-3 would tell the Georgia Tech campus that SAE was harboring a rapist, that they would not attend any social events with SAE, and that SAE's reputation would become tarnished.

14.

Defendant Bowen and Jane Does #1 through 3 falsely and maliciously told members of SAE and members of the Georgia Tech student body that Plaintiff was a rapist and had been found guilty of rape by the Title IX panel.

15.

On or about January 18, 2019, Jane Doe #3 approached Plaintiff at a bar, tapped him on the shoulder, and without warning to or invitation by Plaintiff, slapped him in front of other patrons, causing him physical and emotional injury.

16.

Defendants' statements about Plaintiff were false, malicious, and not privileged.

17.

At the time Defendants made the disparaging remarks about Plaintiff, which they knew to be untrue, Defendants specifically intended to cause Plaintiff harm, injure his reputation, improperly influence the ongoing Title IX investigation, improperly influence his membership in SAE, and they specifically intended for Plaintiff to be embarrassed, humiliated, and the subject of public ridicule. Defendants also knew that their statements about Plaintiff would harm Plaintiff's reputation and standing in the SAE community and the Georgia Tech community at large, and would harm his ability to function as a Georgia Tech student and member of SAE.

18.

Defendants acted together and in concert to improperly influence an ongoing Title IX investigation, including but not limited to tampering with witnesses. Defendants further acted together and in concert to effect a campaign to drive Plaintiff from SAE and also from Georgia Tech. Effectively, Defendants acted together in a targeted campaign to tamper with witnesses in an ongoing governmental investigation and quasi-judicial proceeding to get Plaintiff expelled from Georgia Tech, and to extort Plaintiff's fraternity into expelling him from its ranks.

19.

Defendants' conduct has humiliated and embarrassed Plaintiff. Defendants' conduct has caused ruin to his education, his reputation, and his status as a Georgia Tech student and SAE member.

20.

As a direct and proximate result of Defendants' false and disparaging statements about Plaintiff, and as a direct and proximate result of Defendants' publication of false and disparaging statements about Plaintiff, he has suffered injuries to his personal reputation, his reputation as a student, his standing in the Georgia Tech community, and his standing and membership in SAE.

21.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional injury and anxiety, he has suffered physical injury, and he has had to undergo psychological and medical treatment.

## COUNT I – LIBEL/LIBEL PER SE

22.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 21 above, as if fully set forth herein.

23.

Defendants committed libel by publishing, in writing and to others, the statements about Plaintiff set forth above, which statements were false, malicious, not privileged. Defendants' statements about Plaintiff injured his reputation and exposed him to public hatred, contempt, and ridicule. Defendants' statements resulted in special damages to Plaintiff in the form of the loss of housing, loss of school fees and tuition, reduction in grades, lost earning capacity due to his delayed matriculation, loss of his reputation, and his expulsion from SAE.

24.

Defendants committed libel per se by publishing and uttering false and disparaging words about Plaintiff with reference to his trade, office, and profession

as a Georgia Tech student and member of SAE, which words were false, known by Defendants to be false, and which words were calculated to injure Plaintiff regarding his trade, office, or profession. Defendants' statements are inherently harmful as these statements accuse Plaintiff of, among other things, criminal behavior and sexual misconduct. As such, Defendants committed libel per se.

**COUNT II – SLANDER/SLANDER PER SE**

25.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 24 above, as if fully set forth herein.

26.

Defendants committed slander by communicating the statements about Plaintiff set forth above, which statements were false, malicious, not privileged, and which statements resulted in special damages to Plaintiff in the form of the loss of housing, loss of school fees and tuition, reduction in grades, lost earning capacity due to his delayed matriculation, and his expulsion from SAE.

27.

Defendants committed slander per se by publishing and uttering false and disparaging words about Plaintiff with reference to his trade, office, and profession as a Georgia Tech student and member of SAE, which words were false, known by

Defendants to be false, and which words were calculated to injure Plaintiff regarding his trade, office, or profession.  Defendants' statements are inherently harmful as these statements accuse Plaintiff of, among other things, criminal behavior and sexual misconduct.  As such, Defendants committed slander per se.

## COUNT III – INVASION OF PRIVACY/FALSE LIGHT INVASION OF PRIVACY

28.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 above, as if fully set forth herein.

29.

Defendants committed the tort of invasion of privacy by publicly disclosing allegations, namely the preliminary results of the Title IX hearing, that were private and not matters of public knowledge, and were protected from disclosure by the Georgia Tech code of student conduct and FERPA.  These allegations are highly offensive and objectionable to a reasonable person of ordinary sensibilities, and they are not matters of public concern.

30.

Defendants committed the tort of false light invasion of privacy by knowingly, recklessly, and publicly disclosing false allegations about Plaintiff, namely the

preliminary results of the Title IX hearing, that were protected from disclosure by the Georgia Tech code of student conduct and FERPA. As a result, Defendants' conduct placed Plaintiff in a false light which would be highly offensive to a reasonable person.

31.

Defendants' invasion of privacy and false light invasion of privacy damaged Plaintiff in the form of the loss of housing, loss of school fees and tuition, reduction in grades, lost earning capacity due to his delayed matriculation, and his expulsion from SAE.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 above, as if fully set forth herein.

33.

Defendants' conduct as set forth above was intentional and/or reckless, extreme and outrageous, and caused Plaintiff emotional distress that was and is severe. Defendants' conduct was humiliating and embarrassing, and Defendants' conduct exceeded all possible bounds of common decency. Accordingly, Defendants are liable for intentional infliction of emotional distress.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 33 above, as if fully set forth herein.

35.

Defendants' conduct, as set forth above, resulted in physical impact and harm to Plaintiff, and has caused him physical and emotional distress. Accordingly, Defendants are liable for negligent infliction of emotional distress.

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

36.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 above, as if fully set forth herein.

37.

Defendants' actions as described herein were improper, without privilege, were taken with purpose, malice, and with the intent to injure Plaintiff.

38.

Defendants' wrongful actions, including but not limited to misrepresentation, defamation, and use of confidential information, caused and/or induced SAE and

Georgia Tech to discontinue contractual relations with Plaintiff, causing injury to Plaintiff.

## COUNT VII – CONSPIRACY

### 39.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 38 above, as if fully set forth herein.

### 40.

Defendants acted in concert when they, as set forth above, communicated the false and malicious statements about Plaintiff and when they sought to improperly and falsely influence the Title IX investigation and the SAE fraternity of which Plaintiff was a member.  Because Defendants acted in concert when they committed the torts of libel, slander, invasion of privacy, tortious interference with contractual relations, intentional infliction of emotional distress, and negligent infliction of emotional distress, Defendants are guilty of and liable for engaging in a civil conspiracy to commit these torts.

## COUNT VIII – 42 U.S.C. § 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

41.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 40 above, as if fully set forth herein.

42.

Defendants acted in concert when they, as set forth above, communicated the false and malicious statements about Plaintiff, engaged in witness tampering, and when they sought to improperly and falsely influence the Title IX investigation.

43.

Because Defendants acted in concert in their attempts to deprive Plaintiff of the rights and/or privileges secured to him by the Constitution and laws of the United States, they are guilty of and liable for engaging in a conspiracy to interfere with Plaintiff's civil rights, in violation of 42 U.S.C. §§ 1983 and 1985.

## COUNT IX – ASSAULT AND BATTERY

44.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43 above, as if fully set forth here.

45.

Jane Doe #3 purposefully and publicly struck Plaintiff with the intent to cause harm.  Jane Doe #3's conduct was unjustifiable, unwarranted, unprovoked, and unwanted, and caused him harm and injury.  Jane Doe #3 is liable for assault and battery.

## COUNT X – ATTORNEY'S FEES

46.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 above, as if fully set forth herein.

47.

Defendants have committed the foregoing torts, have acted in bad faith with respect to the underlying transactions giving rise to this Complaint, and have been stubbornly litigious, which conduct has caused Plaintiff unnecessary trouble and expense.

48.

Accordingly, Plaintiff is entitled to recover from Defendants his expenses of litigation, including a reasonable sum as attorney's fees for having to prosecute this claim.

## COUNT XI – PUNITIVE DAMAGES

49.

Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 48 above, as if fully set forth here.

50.

The foregoing acts of Defendants were spiteful, willful, deliberate, callously indifferent to Plaintiff's rights, and demonstrated a specific intent to cause Plaintiff harm.  Accordingly, punitive damages should be awarded to punish Defendants and to deter them from repeating such wrongful acts.

**WHEREFORE,** Plaintiff requests the following relief:

(a)    That summons and process be issued against Defendants;

(b)    That Plaintiff have and recover against Defendants a judgment for compensatory damages sustained as a result of Defendants' wrongful acts in such amount as will fully compensate for his injuries, damages, and pain and suffering in an amount as the jury may determine to be appropriate;

(c)    That Plaintiff have and recover against Defendants a judgment for punitive damages as a result of Defendants' willful, wanton, and

15

malicious conduct in such amount as the jury determines to be appropriate under the circumstances;

(d)     That Plaintiff have and recover his necessary costs and expenses of litigation, including reasonable attorney's fees;

(e)     That the costs of this action be cast upon Defendants herein; and

(f)     That Plaintiff have other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted, this 13th day of March, 2019.

HOFFER & WEBB, LLC

ROBYN OLIVER WEBB
Georgia Bar No. 552505
MICHAEL D. HOFFER
Georgia Bar No. 359493
*Attorneys for Defendant*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Office
404-260-6192 Direct / Fax
rwebb@hofferwebb.com

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C</u>

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.