UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT EDSTROM,<br><br>　　　Plaintiff,<br><br>　v.<br><br>MEGAN BOWEN, EMMA WHITE, and JANE DOES #1-3,<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-01179-JPB |

## **ORDER**

This matter is before the Court on Defendant Emma White's ("White") Motion for Summary Judgment ("Motion"). ECF No. 67. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.　**BACKGROUND**

Plaintiff Robert Edstrom's ("Edstrom") complaint alleges claims against White and other defendants on several grounds, including libel, slander, invasion of privacy, intentional infliction of emotional distress and conspiracy to interfere with civil rights in violation of 42 U.S.C. §§ 1983 and 1985.

The undisputed facts show that Megan Bowen, a student at Georgia Institute of Technology ("Georgia Tech") and a former defendant in this case, accused Edstrom, a fellow student, of raping her in 2017. Georgia Tech's initial

investigation of Bowen's accusation concluded that it was more likely than not that Bowen could not have given consent in her encounter with Edstrom. The decision, however, went through several levels of appeals and was ultimately overturned.

After the initial decision was rendered but before it was overturned, Bowen told White of the investigation's conclusion and sent White a screenshot of Georgia Tech's communication. White thereafter communicated certain information regarding the investigation to others in the Georgia Tech community, including members of Edstrom's fraternity. It appears that based at least in part on White's communications, Edstrom's fraternity voted to expel him.

Edstrom's state law claims generally turn on disputed facts regarding the nature and truth of White's statements, but the Court need not address those issues for the purposes of this Order since, as set forth below, the focus is on Edstrom's conspiracy claim under federal law. To that end, while the record contains evidence of statements White allegedly made on her own in connection with the accusation against Edstrom, Georgia Tech's subsequent investigation and Edstrom's removal from his fraternity, it is threadbare regarding evidence of an *agreement* between White and any other person to take those actions.

In response to White's Motion and argument that there is no evidence of a conspiracy here, Edstrom states only that "[White] does not argue and presumably

concedes that she participated in a conspiracy." ECF No. 76, p. 29.  The only evidence Edstrom offers in connection with his conspiracy claim goes to the discrimination prong of the claim.  For example, he asserts that "[White's] refusal to stand down, even when she knew the information [she was sharing] was not accurate, shows [White's] animus not just toward [Edstrom], but toward men in general" and that "[White's] crusade had nothing to do with [Edstrom's] conduct and everything to do with his gender." *Id*. at 31.

## II.   DISCUSSION

### A.   Legal Standard

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted).  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue

before the court . . . is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Allen*, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party."  *Id.*

After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist.  *Id.*  In carrying this burden, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

In sum, if the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B.     <u>Analysis</u>

Under § 1985(3), it is unlawful for "two or more persons . . . [to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws."[1]  "The elements of a cause of action under section 1985(3) are (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992). However, "the linchpin for conspiracy is agreement, which presupposes communication." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992).  Thus, the plaintiff "must show some evidence of agreement between the defendants." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1284 (11th Cir. 2002). *See also Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (finding that the plaintiff failed to show a conspiracy where

---

[1] Although the Amended Complaint states that "Defendants" are "liable for engaging in a conspiracy to interfere with Plaintiff's civil rights, in violation of . . . §§ 1983 and 1985," Edstrom's response brief addresses only § 1985.  Am. Compl. ¶ 43, ECF No. 1.

there was nothing in the record "suggesting that [the defendants] reached an agreement or understanding").

Here, Edstrom has provided no evidence whatsoever regarding any alleged agreement between White and any other person to take the challenged actions or even any communication regarding such an agreement. Even when faced with White's unequivocal statement in her Motion that "[t]here is simply no evidence of a conspiracy between White and anyone," ECF No. 67-1, p. 21, Edstrom failed to marshal any evidence to rebut this argument and support his claim.

After White established that the record does not contain facts supporting a conspiracy, Edstrom had the burden to show specific facts indicating that summary judgment is improper because a material issue of fact does exist. And he was required to proffer facts that could lead a reasonable fact finder to find in his favor on this point, but he failed to do so.[2] For this reason, the Court finds that summary

---

[2] The Court notes that "[i]t is not the Court's duty [to] comb the record to attempt to find reasons to deny a motion for summary judgment." *APA Excelsior III, L.P. v. Windley*, 329 F. Supp. 2d 1328, 1340 n.11 (N.D. Ga. 2004). *See also Chandler v. Volunteers of Am., N. Ala., Inc.*, 598 F. App'x 655, 663 (11th Cir. 2015) (noting counsel's "misimpression that it is the court's job, not counsel's, initially to comb through the record, identify the facts supporting the plaintiff's legal position, and apply them to the law—all without any guidance from counsel"). In any event, the Court's review of the record in connection with deciding the instant Motion did not reveal any facts that would support a finding that an agreement existed between White and another person to take the challenged actions.

judgment is proper on Count VIII of the Amended Complaint (conspiracy to interfere with civil rights under §§ 1983 and 1985).[3]

Given the dismissal of the sole federal claim in this case, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims.  Under 28 U.S.C. § 1367(c)(3), "[t]he district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction."  Therefore, it is well-settled that a district court's decision on supplemental jurisdiction "is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  *See also Barber v. Cellco P'ship*, 808 F. App'x 929, 938 (11th Cir. 2020) (stating that the district court as "ample discretion" to decline exercising supplemental jurisdiction over state law claims).  Additionally, the Eleventh Circuit Court of Appeals "encourage[s] district courts to dismiss any remaining state-law claims when [they

---

[3] To the extent Edstrom did not waive his § 1983 claim by failing to address it, *see Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"), that claim similarly fails because there is no evidence in the record of a conspiracy, *see Rowe*, 279 F.3d at 1283 (stating that "[t]o establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights").

have] dismissed the federal-law claims prior to trial." *Owens-Benniefield v. BSI Fin. Servs.*, 806 F. App'x 853, 859–60 (11th Cir. 2020).

Applying the foregoing authority here, the Court finds that it is appropriate to decline supplemental jurisdiction over Edstrom's state law claims since the sole federal law claim has been dismissed.[4]

In sum, the Court **GRANTS** White's Motion (ECF No. 67) **IN PART** (as to Count VIII of the Amended Complaint) and **DISMISSES** all remaining counts of the Amended Complaint without prejudice.  The Clerk is therefore **DIRECTED** to close this case.

**SO ORDERED** this 17th day of September, 2021.

J. P. BOULEE
United States District Judge

---

[4] The Amended Complaint does not allege that diversity jurisdiction is proper here.